# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>LINDA C. PARKER,<br><br>      Debtor. | Case No. 18-20971-CMB<br><br>Chapter 11 |
| LINDA C. PARKER,<br><br>      Movant,<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>      Respondent. | Related to Docs 77 and 121 |

**STIPULATION AND CONSENT ORDER RESOLVING PNC BANK, NATIONAL ASSOCIATION'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED DECEMBER 19, 2018**

Linda C. Parker (the "Debtor") and PNC Bank, National Association ("PNC Bank"), by and through their undersigned counsel, hereby stipulate and agree as follows:

## RECITALS

I. The Debtor is obligated to PNC Bank pursuant to a July 23, 2004, Promissory Note in the original principal amount of $300,000.00 (as amended or modified, the "Note"). The Note is secured by, *inter alia*, a July 23, 2004, Open-End Mortgage recorded by the Westmoreland County Recorder as Instrument No. 200407230044890 (the "Mortgage," together with the Note and all documents related thereto, collectively, the "Loan Documents").

II. The Mortgage encumbers both the Commercial Property, identified as Tax Parcel No. 56-17-00-0-86, and adjacent land identified as Tax Parcel No. 56-17-00-0-141, commonly known as 485 Rehoboth Road, Belle Vernon, Pennsylvania 15012, as more fully described therein (collectively, the "Mortgaged Premises").

III. To further secure the obligations under the Note, the Debtor executed and delivered to PNC Bank a Commercial Security Agreement dated July 23, 2004 (the "Security Agreement"), granting PNC Bank a security interest in a 1977 Whiting 15 Ton Running, Dual Drive Crane (Serial # 11120) and all accessions, attachments, accessories, replacements, products, accounts, proceeds, etc. associated with the collateral, of every kind and nature, now existing and hereafter acquired and arising and wherever located (the "Crane"). PNC Bank filed an initial UCC-1 Financing Statement on August 23, 2004, at File # 20040893936 with the Pennsylvania Secretary of State which was continued on March 18, 2009, May 20, 2014, and March 22, 2019, and has a current lapse date of August 23, 2024.

IV. On March 14, 2018, the Debtor filed her voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, in this Court in this Case (the "Bankruptcy Case").

V. On December 19, 2018, the Debtor filed her Chapter 11 Plan of Reorganization Dated December 19, 2018 (the "Plan") [Doc 77], Summary of Chapter 11 Plan of Reorganization Dated December 19, 2018 [Doc 78], and Disclosure Statement Accompanying Chapter 11 Plan of Reorganization Dated December 19, 2018 (the "Disclosure Statement") [Doc 79].

VI. On January 22, 2019, PNC Bank filed its objection to the approval of the Disclosure Statement [Doc 88]. This Court approved the Disclosure Statement on May 13, 2019 [Doc 113].

VII. On July 11, 2019, PNC Bank filed its objection to confirmation of the Plan (the "Plan Objection") [Doc 121] and submitted its Class 3 Ballot rejecting the Plan. *See* Doc 129.

NOW, THEREFORE, to resolve the Plan Objection and treatment of PNC Bank in the Plan, the Debtor and PNC Bank stipulate and agree to the terms set forth herein, and the Court finds and orders as follows:

**STIPULATION AND CONSENT ORDER**

1. All statements set forth in the Recitals are incorporated herein by reference and are made an integral part of this Agreement as if set forth herein.

2. The Debtor and PNC Bank have agreed to the following terms to resolve the Plan Objection and amend the Plan, which is deemed to be amended hereby:

   a. <u>Payment Terms</u>.  The Class 3 secured claim of PNC Bank is an allowed secured claim in the amount of $262,460.85, to be paid as follows:

      i. The Debtor shall pay equal monthly installments of $2,129.40 on the modified capitalized principal balance of $251,000.67, based upon a fifteen (15) year amortization calculated on a 360-day year, at a fixed interest rate of six percent (6%) per annum, commencing on August 1, 2019, and continuing to and through August 1, 2025;

      ii. The allowed Class 3 secured claim of PNC Bank shall be fully due and payable on August 1, 2025, and a balloon payment of the entire unpaid principal balance plus any unpaid accrued interest and unpaid late charges, fees, and costs shall be due on August 1, 2025;

      iii. If the Debtor has timely and completely made all payments to PNC Bank per sections 2(a)(i) and 2(a)(ii) herein, on August 1, 2025, or any earlier date if Debtor prepays the allowed Class 3 secured claim, PNC Bank shall waive late fees in the amount of $11,460.18; and

   iv. The Debtor may prepay any or all of the allowed Class 3 secured claim at any time.

  b. <u>Retention of Liens</u>.  All of PNC Bank's liens and mortgages shall remain in full force and effect, including but not limited to: the Mortgage, PNC Bank's security interest in the Crane, and the Judgment entered on July 23, 2010, in the Court of Common Pleas of Westmoreland County at Case No. 5171 of 2010 (the "<u>Judgment</u>").  PNC Bank may revive the Judgment upon confirmation of the Plan using the claim amounts set forth in this Stipulation.

  c. <u>Insurance</u>.  The Debtor shall maintain all insurance on the Mortgaged Premises and Crane, naming PNC Bank as additional insured and loss payee.

  d. <u>Taxes</u>.  The Debtor shall timely pay all real estate taxes associated with the Mortgaged Premises and provide evidence of payment to PNC Bank within thirty (30) days of such payment.

  e. <u>Financial Information</u>.  The Debtor and Parker Precision Molding, Inc. (the "<u>Guarantor</u>") agree to provide financial statements and all tax returns to PNC Bank annually, and from time to time upon the request of PNC Bank.

  f. <u>Ratification of Loan Documents</u>.  The Debtor and Guarantor ratify and reaffirm all obligations to PNC Bank under the Note, Mortgage, Loan Documents, and Guaranty Agreement.

  g. <u>Default</u>.  PNC Bank shall give notice of any default by the Debtor of the terms of this Stipulation or the Plan to Debtor's counsel by written notice specifying the alleged default and action needed to cure the default.  The Debtor shall have ten (10) days to cure any default after receipt of that notice.  All notices of default shall be sent by (i)

electronic mail to dcalaiaro@c-vlaw.com, and (ii) first class U.S. Mail, postage prepaid to Donald R. Calaiaro at 938 Penn Avenue, Suite 501, Pittsburgh, Pennsylvania 15222.

3. This Stipulation and Consent Order shall supplement any order entered by this Court confirming the Plan and shall govern the treatment of the Class 3 secured claim of PNC Bank under the Plan.

4. PNC Bank hereby reserves all of its rights and shall be entitled to enforce its liens, including the Mortgage and Judgment, in their full, original amounts in the event that the Debtor fails to obtain an order of confirmation of the Plan and/or the Bankruptcy Case is converted or dismissed.

5. All other terms, provisions, conditions, obligations, covenants, agreements, rights and remedies set forth in the Note and Mortgage remain in full force and effect.

6. Upon approval of this Stipulation by this Court, PNC Bank shall be deemed to vote in favor of confirmation of the Plan.

7. The terms of this Stipulation may not be modified, revised, altered or changed to any extent, without the express written consent of both the Debtor and PNC Bank.

8. This Court shall retain jurisdiction to enforce the terms of this Stipulation.

The above Stipulation CONSENTED AND AGREED to by on this 24th day of July, 2019:

| TUCKER ARENSBERG, P.C. | CALAIARO | VALENCIK |
|---|---|
| By: /s/ Allison L. Carr | By: /s/ Donald R. Calaiaro |
| Beverly Weiss Manne, Esq. | Donald R. Calaiaro, Esq. |
| PA ID No. 34545 | PA ID No. 27538 |
| bmanne@tuckerlaw.com | dcalaiaro@c-vlaw.com |
| Allison L. Carr, Esq. | David Z. Valencik, Esq. |
| PA ID No. 203815 | PA ID No. 308361 |
| acarr@tuckerlaw.com | dvalencik@c-vlaw.com |
| | |
| 1500 One PPG Place | 938 Penn Avenue, Suite 501 |
| Pittsburgh, PA 15222 | Pittsburgh, PA 15222 |
| T: (412) 566-1212 | T: (412) 232-0930 |
| F: (412) 594-5619 | |
| | *Attorneys for Linda C. Parker, Debtor* |
| *Attorneys for PNC Bank, National Association* | |

ORDERED AND APPROVED:

Date: _____, 2019

                                            Honorable Carlota M. Böhm
                                            Chief United States Bankruptcy Judge