IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LINDA C. PARKER, | ) |
| | ) Bank. No. 18-20971 CMB |
| | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Related to |
| Movant, | ) Document Nos. |
| | ) |
| vs. | ) |
| | ) |
| | ) Hearing Date |
| | ) |
| LINDA C. PARKER, | ) |
| | ) |
| | ) |
| Respondent. | ) |

**STIPULATION AND AGREED ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Linda C. Parker, debtor, as represented by counsel, and the United States of America, as represented by Scott W. Brady, Acting United States Attorney for the Western District of Pennsylvania, as follows:

1. The Internal Revenue Service has a claim against the Debtor in the amount of $45,435.67, which includes secured claims of $12,970 and unsecured priority claims of $32,465.67.

2. The debtor will pay the IRS secured and priority claims, together with interest at the rate of 5 percent per year in 60 monthly installments of $857.43. The first such installment shall be due on the first day of the month following the effective date of the plan, and the remaining installments shall be due on the first day of each month thereafter until the secured and priority claims are paid in full with interest.

3. Notwithstanding the provisions of section III of the plan, the IRS may take collection action against responsible officers of the debtor in the event that the debtor fails to remain current on plan payments and postconfirmation obligations.

4. To the extent that any federal tax liens attached to any property owned by the debtor as of the date of the filing of the petition in this case, such property shall remain subject to such federal tax liens until such time as the amount of such liens has been fully satisfied. In order to protect its priority position against postconfirmation creditors, the Internal Revenue Service will file notices of federal tax lien following confirmation of the plan of reorganization for all unsecured priority periods for which there are liabilities.

5. Unless the Internal Revenue Service notifies the debtor otherwise, all payments required under this stipulation shall be made to the Internal Revenue Service, for the attention of the Chief, Insolvency Section, Internal Revenue Service, Room 711B Federal Building, 1000 Liberty Avenue, Pittsburgh, PA 15222.

6. Any refunds or credits to which the debtor may become entitled at any time before the liabilities to be repaid pursuant to this stipulation are fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by the debtor prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to: Internal Revenue Service, Attention: Chief, Insolvency Section, Internal Revenue Service, Room 711B Federal Building, 1000 Liberty Avenue, Pittsburgh, PA 15222.

7. To the extent that there are nondischargeable tax debts in this case, the Debtor shall remain liable following the end of the bankruptcy case for any unpaid postpetition interest and penalties under Bruning v. United States, 376 U.S. 358 (1964).

8. No federal tax liability accruing prior to the confirmation of the plan, including interest and penalty, is discharged until the debtor completes payment in accordance with this

stipulation. Any federal tax liabilities for prepetition periods which are determined by audits completed postpetition are not discharged on confirmation, but will be due and payable as if this bankruptcy had not occurred.

9. The period allowed the IRS under 26 U.S.C. § 6502(a) to collect the assessed taxes, penalties, interest and other additions and accruals thereon, which are still owed by the debtor after the plan effective date for the periods specified in the allowed claims of the IRS, shall be suspended for the period of time that the debt to the IRS is to be paid under the plan (as revised by this stipulation), unless and until a substantial default of these plan payments shall occur, and for six months thereafter, in accordance with 26 U.S.C. § 6503(h)(2). A substantial default of plan payments shall have occurred under this stipulation when a payment to the IRS required by the plan as it incorporates this stipulation, has not been made, the IRS has provided the debtor with a written notice of default, and the debtor fails to cure the default within 30 days of the date on the written notice.

10. In the event that the debtor fails to make any of the payments required under this stipulation **or** fails to comply with any of its postconfirmation federal tax obligations, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the debtor's assets, including any exempt property. Notwithstanding the foregoing, the debtor shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the debtor. Further, the IRS is not bound by any default provisions of the plan.

11. Should the debtor file another bankruptcy petition before completing the terms of this stipulation, this stipulation is null and void and the claims of the IRS retain their status as tax claims; they are not reduced to claims under this agreement. Notwithstanding the foregoing, the

claims of the IRS will have no lower priority in any subsequent bankruptcy than they have in this case.

12. This stipulation and agreement shall be deemed incorporated in the plan of reorganization and supersedes it where inconsistent with it.

                              SCOTT W. BRADY
                              Acting United States Attorney

| */s/ Donald R. Calaiaro* | */s/ Jill Locnikar* |
|---|---|
| Donald R. Calaiaro, Esquire | Jill Locnikar |
| Counsel for Debtor | Assistant U.S, Attorney |
| PA Attorney I.D. 27538 | 700 Grant Street, Suite 4000 |
| 938 Penn Avenue, Suite 501 | Pittsburgh, PA 15219 |
| Pittsburgh, PA 15222-3708 | 412-894-7429 |
| 412-232-0930 | PA. I.D. No. 85892 |
| dcalaiaro@c-vlaw.com | |

IT IS SO ORDERED.

_____    _____
U.S. Bankruptcy Judge          Date